UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| LA TANYA L. RODGERS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.: 2:12-cv-530 |
| GARY COMMUNITY SCHOOL CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the Objection and Motion to Enforce Settlement and Impose Sanctions [DE 58] filed by the plaintiff, LaTanya L. Rodgers, on July 7, 2016. For the following reasons, **IT IS RECOMMENDED** that the motion be **DENIED**.

*Background*

The plaintiff, LaTanya L. Rodgers, has indicated that the parties conducted a judicial settlement conference on May 4, 2016. Rodgers appeared in person and with Counsel for the settlement conference. According to [DE 51] a representative of Gary Community School Corporation (GCSC) with settlement authority was required to appear at the settlement conference. GCSC appeared by Counsel but did not send other representation from the Board of School of Trustees. The board member expected to attend had a family emergency. Counsel for both parties spoke briefly, and Counsel for GCSC indicated that settlement discussions could be meaningful without a member of the board present.

Rodgers has indicated that she and her Counsel believed that the parties had reached an agreement where GCSC would make a lump sum payment to Rodgers in exchange for Rodgers'

agreement to dismiss her Complaint and either retire or resign from employment with GCSC. GCSC contends that the proposed settlement was complex and involved more than just financial terms, therefore, GCSC had to investigate to see if retirement could be part of the settlement.

During the settlement conference, the parties did not speak directly to each other. However, Counsel for GCSC through email and telephonic correspondence with Counsel for Rodgers indicated that any proposed settlements would have to be approved by the board. After the settlement conference on May 4, 2016, Counsel for Rodgers reached out to Counsel for GCSC about drafting a settlement proposal. In the response on May 5, 2016, Counsel for GCSC indicated that Counsel would have to get full authority from the board and would provide a draft settlement and release to Counsel for Rodgers. Due to approaching pre-trial deadlines, Counsel for Rodgers drafted a settlement and release agreement on May 17, 2016. Counsel for GCSC contends that Counsel for Rodgers was aware that board approval was not possible until an executive session of the school board was held to discuss the matter.

Counsel for GCSC made it clear, through correspondences with Counsel for Rodgers, that the proposed settlement was subject to board approval and without approval of the board any documents prepared or drafted would be void. It was also indicated to Rodgers that GCSC had to seek approval from the financial specialist before any settlement could be honored and paid. After Counsel for GCSC was able to meet with the board, the settlement was rejected, Counsel filed notice of rejection on June 28, 2016, and spoke to Counsel for Rodgers telephonically.

*Discussion*

Rodgers has requested the court enforce the settlement agreement entered into by Counsel for GCSC and impose sanctions on GCSC and/or Counsel for GCSC. "The district court has inherent authority to enforce a settlement agreement reached in a case pending before

it." ***Allen v. Dana***, 2011 WL 3163232, at *1 (N.D. Ind. July 26, 2011) (citing ***Carr v. Runyan***, 89 F.3d 327, 331 (7th Cir. 1996)).  A settlement agreement of federal claims is enforceable "just like any other contract."  *See* ***Dillard v. Starcon Int'l, Inc.***, 483 F.3d 502, 506 (7th Cir. 2007) (quoting ***Lynch, Inc. v. SamataMason Inc.***, 279 F.3d 487, 489 (7th Cir. 2002)); *see also* ***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 380–82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

However, state law governs whether the parties made a contract, so Indiana law applies here.  ***Dillard***, 483 F.3d at 506.  Courts determine whether a settlement was entered into "knowingly and voluntarily" under the "totality of the circumstances."  ***Dillard***, 483 F.3d at 507 (citing ***Alexander v. Gardner-Denver Co.***, 415 U.S. 36, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974); ***Pierce***, 65 F.3d at 571).  The general principles of contract law govern settlement agreements and require an offer, acceptance, and consideration to form a contract.  ***Zimmerman v. McColley***, 826 N.E.2d 71, 76 (Ind. Ct. App. 2005).  Additionally, "[a] meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract."  ***Zimmerman***, 826 N.E.2d at 77.

An agreement to agree in the future is not enforceable.  ***Wolvos v. Meyer***, 668 N.E.2d 671, 674 (Ind. 1996) (citing ***Wallace v. Mertz***, 156 N.E. 562 (Ind. Ct. App. 1927).  Additionally, a communication that a first party is willing to enter into a bargain is not an offer if the second party knew or had reason to know that the communication required further manifestation of the first party's assent to conclude the bargain.  ***Janky v. Batistatos***, 559 F. Supp. 2d 923, 930 (N.D. Ind. 2008) (citing ***Zimmerman***, 826 N.E.2d at 77).  In determining the parties' intent at the time of the agreement, courts consider whether the parties intended to execute a final written document.  ***McLinden v. Coco***, 765 N.E.2d 606, 612 (Ind. Ct. App. 2002).  Furthermore, the

party seeking to enforce a contract bears the burden of proof to establish its existence. *First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 953 (Ind. 1991).

In carrying out the purposes of a school corporation, the governing body acting on the school corporation's behalf has the specific power, in the name of the school corporation, to sue and be sued and to enter into contracts in matters permitted by applicable law. **Ind. Code** § 20-26-5-4.

Rodgers, Counsel for Rodgers, and Counsel for GCSC attended a settlement conference on May 4, 2016. Rodgers believed that the matter was settled following Counsel of GCSC offering payment to Rodgers in exchange for Rodgers promise to dismiss her Complaint and either retire or resign from employment with GCSC. However, the settlement was conditioned on board approval. Rodgers was aware that board approval was necessary before a settlement could be reached. Counsel for GCSC indicated in an email on May 5, 2016, that board approval was needed, if not, settlement documents would be void. Accordingly, only the board has the specific power to enter into contracts on behalf of GCSC. There was no meeting of the minds between the parties, and acceptance of the settlement was strictly conditional on board approval. Therefore, a valid settlement agreement was not reached on May 4, 2016 and cannot be enforced by the court.

Apparent authority refers to a third party's reasonable belief that the principal has authorized the acts of its agents; it arises from the principal's indirect or direct manifestations to a third party and not from the representations or acts of the agent. *Menard, Inc. v. Dage-MTI, Inc.,* 726 N.E.2d 1206, 1210 (Ind. 2000).

Rodgers is arguing that Counsel for GCSC had the apparent authority to bind GCSC to the settlement. By indicating that board approval was necessary GCSC never gave Rodgers any

4

reasonable belief that acts of Counsel for GCSC would be binding.  Therefore, no such authority was given to Counsel, and the school corporation is not bound to the settlement.

"Rule 11 . . . plainly authorizes a district court to sanction a lawyer who without reasonable inquiry tenders a submission that includes legal contentions not warranted 'by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" *Berwick Grain Co., Inc. v. Illinois Dept. of Agric.*, 217 F.3d 502, 503 (7th Cir. 2000) (quoting Federal Rule of Civil Procedure 11(b)(2), (c)). The court defines a frivolous motion warranting sanctions as one that is "baseless or made without a reasonable and competent inquiry." *Berwick*, 217 F.3d at 503; *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 969 (7th Cir. 2000).

Counsel for GCSC acted in good faith to settle the current dispute contingent on board approval.  Counsel for GCSC attended the settlement without a board member present because of a family emergency and proceeded to reach an agreement in good faith.  On May 5, 2016, Counsel for GCSC contacted Counsel for Rodgers to indicate that without board approval Counsel would be unable to settle the dispute.  Rodgers and Counsel for Rodgers were aware that an executive session of the school board would have to occur before approval was given. When Counsel of GCSC met with the board after the executive session, the board decided to reject the proposed settlement.  Counsel filed notice on June 28, 2016 and telephonically discussed the rejection of the settlement with Counsel for Rodgers.  Therefore, through email with Counsel for Rodgers and by acting in good faith to settle the dispute, sanctions cannot properly be imposed.

Based on the foregoing reason, **IT IS RECOMMENDED** that the Objection and Motion to Enforce Settlement and Impose Sanctions [DE 58] filed by the plaintiff, LaTanya L. Rodgers, on July 7, 2016, be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 17th day of August, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge