UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| LATANYA RODGERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 2:12-CV-530 JD |
|  | ) |  |
| GARY COMMUNITY SCHOOL CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **ORDER**

On December 21, 2012, Plaintiff Latanya Rodgers filed a lawsuit against her employer, the Gary Community School Corporation ("GCSC"), where she has served as a custodian since 1995. In September 2011, Rodgers was sexually assaulted by a co-worker who grabbed and kissed her before she was able to escape, and Rodgers claims she suffers from post-traumatic stress disorder as a result of the attack at work. On March 1, 2016, the Court granted summary judgment in part by dismissing Rogers' claims for retaliatory harassment and discrimination in violation of Title VII and intentional infliction of emotional distress, but denied summary judgment with respect to Rodgers' ADA reasonable accommodation claim. A jury trial was then scheduled for August 22, 2016, and at the request of both counsel, the case was referred to Magistrate Judge Andrew P. Rodovich to conduct a settlement conference.

On May 4, 2016, the parties participated in a settlement conference wherein it was reported that a settlement was reached. As a result, the jury trial and final pretrial conference were vacated, and a deadline was set for the submission of the parties' dismissal papers. Almost two months after the settlement conference, counsel for GCSC filed a notice indicating that she

ultimately did not have authority to settle the case, and thus, she requested that the case be set for trial [DE 56]. However, plaintiff's counsel filed a motion to enforce the settlement and sought Rule 11 sanctions against the defense for the amount expended in maintaining the proceeding alleging that the negotiations were conducted in bad faith [DE 58, 60, 61]. Defense counsel responded [DE 62] and the matter was referred to Magistrate Judge Rodovich [DE 59] to issue a Report and Recommendation. That Report and Recommendation has issued [DE 63] and indicates that the motion should be denied because defense counsel acted in good faith to settle the current dispute contingent upon the Board of School Trustees' approval, and that plaintiff knew that the dispute could not be settled without board approval during an executive session of the school board [DE 63]. As of this date, no party has filed an objection to the report and recommendation.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can

only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Magistrate Judge set forth the facts revealing that correspondence between counsel for plaintiff and defendant made clear that the proposed settlement was subject to board approval, and that the settlement would be void without such approval during an executive session of the board. Because only the board has the specific power to enter into contracts on behalf of GCSC—and because plaintiff's counsel acknowledged that this particular settlement agreement would need to be reviewed and approved by the board [DE 61-1 at 1, 61-3 at 1]—there is no enforceable settlement agreement because ultimately the board rejected it. In addition, by acting in good faith to settle the dispute and effectively communicating the circumstances to plaintiff's counsel, there is no conduct on the part of the defense to be sanctioned.

Having reviewed the report and recommendation [DE 63] and finding no clear error therein, the Court **ADOPTS** it in its entirety and incorporates Magistrate Judge Rodovich's recommendations into this Order. Accordingly, the Court now **DENIES** the motion to enforce the settlement and request for sanctions [DE 58]. The deputy clerk will contact counsel to set a telephonic scheduling conference so that this case may be set for trial.

SO ORDERED.

ENTERED: December 13, 2016

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court